UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY KINZLE,

               Plaintiff,

     v.

WASHINGTON CORRECTIONS
CENTER, CORRECTIONS OFFICER
NEAL K. MILLER,

               Defendants.

CASE NO. C16-5203 RBL-KLS

ORDER TO SHOW CAUSE OR TO
AMEND

Before the Court is Plaintiff Jeffrey Kinzle's proposed civil rights complaint.  Dkt. 6.
Plaintiff has been granted leave to proceed *in forma pauperis*.  Dkt. 6.  The Court has determined
that it will not direct service of plaintiff's complaint at this time because it is deficient.  However,
plaintiff will be given an opportunity to show cause why his complaint should not be dismissed
or to file an amended complaint **by April 29, 2016**.

**BACKGROUND**

Plaintiff is incarcerated at the Washington State Penitentiary.  He seeks over $16,000.00
in damages from the Washington Correctional Center (WCC) and one of its corrections officers
because he was not given a dinner on one occasion.  Plaintiff alleges that on October 28, 2014,
he was given a breakfast meal, placed on a transport bus to the WCC, and upon arrival, was
given a box lunch.  Approximately one hour later, he was processed, assigned to a bed, and told
to cell in.  He states that about ten minutes prior to this time, he saw WCC inmates getting in line

ORDER TO SHOW CAUSE OR TO AMEND- 1

for dinner.  When he said he needed dinner, Officer Miller told him it was too late for dinner

mainline and that he had been given a box lunch.  Plaintiff also complains that in his grievance

and grievance appeals, prison official mistakenly thought he was complaining about being given

a box meal instead of a hot meal, but he repeatedly stated to them that he was grieving not

having received a dinner meal on that night.  Dkt. 1-1, at 3.

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not

addressed, might lead to a recommendation of dismissal of the entire action for failure to state a

claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983.  To state a claim under § 1983, a plaintiff

must allege facts showing (1) the conduct about which he complains was committed by a person

acting under the color of state law; and (2) the conduct deprived him of a federal constitutional

or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a

valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the

conduct of a particular defendant, and he must allege an affirmative link between the injury and

the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A.      Eighth Amendment – Adequate Food

The Eighth Amendment's prohibition against cruel and unusual punishment imposes

duties on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511

U.S. 825, 832 (1994).  "[P]rison officials must ensure that inmates receive adequate food,

clothing, shelter, and medical care." *Id*.

Establishing a violation of the Eighth Amendment requires a two-part showing.  First, an

inmate must objectively show that he was deprived of something "sufficiently serious." *Farmer*,

511 U.S. at 834.  A deprivation is sufficiently serious when the prison official's act or omission

1  results "in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (*quoting Rhodes v.*

2  *Chapman*, 452 U.S. 337, 347 (1981)).  The inmate must then make a subjective showing that the

3  deprivation occurred with deliberate indifference to the inmate's health or safety.  *Id.* (*citing*

4  *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

5         Although food is a basic human need, the Eighth Amendment "requires only that prisoners

6  receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th

7  Cir.1993).  The deprivation that plaintiff complains of here is the lack of one dinner on a day

8  when he had received breakfast and later, was given a box lunch approximately one hour before

9  dinner was served on the mainline during the time he was being in-processed at WCC.  This is

10  not a sufficiently serious deprivation of food.  As previously noted, extreme deprivations are

11  required to make out a conditions-of-confinement claim, and missing one dinner is not a denial

12  of "the minimal civilized measure of life's necessities."  Plaintiff's allegations fall short of the

13  threshold deprivation necessary to form the basis of an Eighth Amendment violation.

14         Plaintiff should show cause why his complaint should not be dismissed.  Alternatively,

15  plaintiff may file an amended complaint but within that amended complaint he must state facts

16  describing who harmed him, how he was harmed, and explain why this constitutes a violation of

17  his constitutional rights.

18  **B.     Failure to Name Proper Parties**

19         Plaintiff names the WCC as a party.  The WCC is not a legal entity capable of being sued

20  in a 42 U.S.C. § 1983 action.  Section 1983 applies to the actions of "persons" acting under color

21  of state law.  States and their agencies are not proper defendants and therefore cannot be sued

22  under the statute.  *Hafer v. Melo,* 502 U.S. 21, 25-26 (1991) (citing *Will v. Michigan State*

23  *Police,* 491 U.S. 58, 62-71 (1989)).  Therefore, WCC must be dismissed from this case.  To

24  maintain a § 1983 action, plaintiff must name a particular defendant or defendants and he must

1    also be able to allege facts sufficient to show that the particular defendant or defendants caused

2    or personally participated in causing the deprivation of a particular protected constitutional right.

3                        **CONCLUSION**

4        Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff

5    may show cause why his complaint should not be dismissed or may file an amended complaint to

6    cure, if possible, the deficiencies noted herein, **on or before April 29, 2016.** If an amended

7    complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case

8    number.

9        The Court will screen the amended complaint to determine whether it states a claim for

10    relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to

11    adequately address the issues raised herein, the Court will recommend dismissal of this action as

12    frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. §

13    1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or

14    more civil actions or appeals which are dismissed on grounds they are legally frivolous,

15    malicious, or fail to state a claim, will be precluded from bringing any other civil action or

16    appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."

17    28 U.S.C. § 1915(g).

18        **The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C.**

19    **1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information**

20    **Sheet.**

21        **DATED** this 4th day of April, 2016.

22

23                              Karen L. Strombom

24                              United States Magistrate Judge