UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY KINZLE,

                                    Plaintiff,

        v.

NEAL K. MILLER, WASHINGTON
CORRECTIONS CENTER,

                                    Defendants.

No. C16-5203 RBL-KLS

**REPORT AND RECOMMENDATION**
**Noted For: June 3, 2016**

Plaintiff Jeffrey Kinzle, a prisoner currently housed in the Washington State Penitentiary (WSP), purports to file this civil rights complaint under 42 U.S.C. § 1983 *pro se* and *in forma pauperis*, against the Washington Corrections Center (WCC) and one of its corrections officers because he was not given dinner on one occasion. Dkt. 6. Plaintiff also filed a motion for the appointment of counsel. Dkt. 7. The Court declined to serve the complaint because it contained a number of deficiencies. Dkt. 8. However, the Court granted plaintiff leave to file an amended complaint, by April 29, 2016, to cure the noted deficiencies. *Id.* Plaintiff has failed to file an amended complaint or to respond to the Court's order in any way.

The Court recommends the action be dismissed without prejudice for failure to state a claim and that the dismissal count as a strike under 28 U.S.C. § 1915(g). Plaintiff's motion for the appointment of counsel (Dkt. 7) should also be denied.

REPORT AND RECOMMENDATION - 1

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed this action under 42 U.S.C. § 1983. A § 1983 claim requires a showing (1) that plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991).

Plaintiff alleges that on October 28, 2014, he was given a breakfast meal, placed on a transport bus to the WCC, and upon arrival, was given a box lunch. Approximately one hour later, he was processed, assigned to a bed, and told to cell in. He states that about ten minutes prior to this time, he saw WCC inmates getting in line for dinner. When he said he needed dinner, Officer Miller told him it was too late for dinner mainline and that he had been given a box lunch. Plaintiff also complains that in his grievance and grievance appeals, prison official mistakenly thought he was complaining about being given a box meal instead of a hot meal, but he repeatedly stated to them that he was grieving not having received a dinner meal on that night. Dkt. 6, at 3. Plaintiff seeks over $16,000.00 in damages. *Id.*, at 6.

## A. Eighth Amendment – Adequate Food

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id*.

Establishing a violation of the Eighth Amendment requires a two-part showing.  First, an inmate must objectively show that he was deprived of something "sufficiently serious."  *Farmer*, 511 U.S. at 834.  A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'"  *Id*. (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety.  *Id*. (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Although food is a basic human need, the Eighth Amendment "requires only that prisoners receive food that is adequate to maintain health."  *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993).  The deprivation that plaintiff complains of here is the lack of one dinner on a day when he had received breakfast and later was given a box lunch, approximately one hour before dinner was served on the mainline, during the time he was being in-processed at WCC.  This is not a sufficiently serious deprivation of food.  As previously noted, extreme deprivations are required to make out a conditions-of-confinement claim, and missing one dinner is not a denial of "the minimal civilized measure of life's necessities."

Plaintiff's allegations fall short of the threshold deprivation necessary to form the basis of an Eighth Amendment violation.  However, the Court granted plaintiff leave to show cause why his complaint should not be dismissed or alternatively, to file an amended complaint.  He has failed to file an amended complaint or otherwise respond to the Court's Order.

**B.    Failure to Name Proper Parties**

In addition, plaintiff was advised that the WCC is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.  Section 1983 applies to the actions of "persons" acting under color of state law.  States and their agencies are not proper defendants and therefore cannot be sued

under the statute. *Hafer v. Melo,* 502 U.S. 21, 25-26 (1991) (citing *Will v. Michigan State Police,* 491 U.S. 58, 62-71 (1989)). Therefore, WCC must be dismissed from this case. The Court advised plaintiff that to maintain a § 1983 action, he must name a particular defendant or defendants and he must also be able to allege facts sufficient to show that the particular defendant or defendants caused or personally participated in causing the deprivation of a particular protected constitutional right. Although he was given leave to do so, he has failed to file an amended complaint or otherwise respond to the Court's Order.

CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice for failure to state a claim upon which relief may be granted and that the **dismissal count as a strike under 28 U.S.C. § 1915(g).**

In light of the fact that the Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff's motion for the appointment of counsel (Dkt. 7) should also be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 3, 2016,** as noted in the caption.

**DATED** this 12th day of May, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4